NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  RIORDAN J. ZAVALA, also known as Riordan J. Zavala, Esq. also known as Law Offices of Riordan J. Zavala, <br><br> Debtor. <br><br> ─────────────────────────── <br><br> RIORDAN J. ZAVALA, <br><br> Appellant, <br><br> v. <br><br> GEORGE A. SHARP, <br><br> Appellee. | No. 16-55561 <br><br> D.C. No. 8:14-cv-01489-JLS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted October 23, 2017**

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Chapter 7 debtor Riordan J. Zavala appeals pro se from the district court's

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order dismissing his bankruptcy appeal for failure to prosecute. We have jurisdiction under 28 U.S.C. § 158(d) and 1291. We review for an abuse of discretion, *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 (9th Cir. 1994), and we affirm.

The district court did not abuse its discretion by dismissing Zavala's appeal for failure to prosecute, after granting two extensions of time to file an opening brief, warning that no further extensions would be granted, and providing an opportunity for Zavala to respond to an order to show cause prior to dismissal. *See id.* at 1451-56 (discussing factors to weigh in determining whether to dismiss for failure to prosecute; noting that "[a] reviewing court will give deference to the district court to decide what is unreasonable because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable" (citations omitted)); *see also* Fed. R. Bankr. P. 8018(a)(4) (permitting district court to dismiss a bankruptcy appeal on its own motion, after notice, if an appellant fails to file a timely brief).

**AFFIRMED.**